IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-02-276 (1) |
| | § | C.A. No. C-04-202 |
| MARCELINO RODRIGUEZ-LUNA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION FOR NUNC PRO TUNC AMENDED JUDGMENT**

Pending before the Court is Marcelino Rodriguez-Luna's ("Luna") "Request for Nunc Pro Tunc Amended Judgment." (D.E. 43). For the reasons set forth herein, his motion is DENIED.

**I.   BACKGROUND**

On October 9, 2002, Luna was charged in a one-count indictment with being unlawfully and knowingly present in the United States without the consent of the Attorney General following deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). (D.E. 1). Pursuant to a written plea agreement (D.E. 14), Luna pleaded guilty to the charge on December 3, 2002. (D.E. 13; D.E. 29, Rearraignment Transcript).

Luna was sentenced on February 14, 2003, to a 70-month term of imprisonment in the custody of the Bureau of Prisons, a three-year supervised release term, and a $100.00

special assessment. (D.E. 19, 20). Judgment of conviction was entered on March 14, 2002. (D.E. 20). Luna did not appeal his conviction or sentence. On March 24, 2004, he filed a motion for relief pursuant to 28 U.S.C. § 2255 (D.E. 22), which the Court denied by order and final judgment entered August 12, 2004 (D.E. 34, 35). Luna appealed from the denial, and the Fifth Circuit dismissed his appeal on December 2, 2004, for want of prosecution. (D.E. 42).

On June 26, 2006, the Clerk of this Court received a motion from Luna titled as a "Request for Nunc Pro Tunc Amended Judgment." (D.E. 43). In it, he claims that the portion of his judgment remanding him to the custody of the United States Marshal means that the Court intended for his sentence to begin on the day it was imposed. Instead of immediately being sent to federal prison, however, he was sent to the state custody, where he pleaded guilty to the offense of evading arrest or detention using a vehicle. In that state case, he claims he was sentenced to three years to run concurrent with his sentence in the instant case.

According to Luna, he should be given credit for his time spent in state custody, because the state court ordered a concurrent sentence and because he believes this Court intended to order a concurrent sentence. He asks that this Court either amend the judgment "to reflect concurrent sentences and jail credit from the date of arrest, or enter an Order that specifically recommends that the BOP give Petitioner jail credit for the time he spent in State custody." (D.E. 43 at 3).

## II.   ANALYSIS

As an initial matter, the Court notes that, contrary to Luna's belief, nothing in the judgment indicates or implies that this Court intended his sentence in this case to run concurrently with the state sentence that had yet to be imposed. The judgment's reference to him being remanded to the custody of the U.S. Marshal simply indicated that he was to be returned to custody, rather than released. Moreover, the judgment's silence as to whether his sentences should run concurrently or consecutively means that they should run consecutively. "Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003); 18 U.S.C. § 3584(a). This Court's silence implicates the rule stated in Free, supra and compels the conclusion that his sentences were to run consecutively.

Moreover, to the extent Luna is challenging this Court's decision not to order a concurrent sentence, his challenge is without merit. The Fifth Circuit has succinctly held that whether a sentence should run consecutively or concurrently is committed to the sound discretion of the district court and will be reviewed only for an abuse of discretion. United States v. Brown, 920 F.2d 1212, 1216 (5th Cir. 1991). This Court knew of its authority to impose a concurrent sentence. Additionally, it is clear from both the sentencing transcript and the PSR that the Court was aware that Luna had state charges pending against him, and that he was present before the Court on a writ from state custody. (See PSR at cover page

(indicating that Luna was writted from state into federal custody six days after his arrest); D.E. 28, Sentencing Transcript ("S. Tr.") at 8-9 (defense attorney informing the Court that Luna was awaiting sentencing in state court as to an evading arrest charge); PSR at ¶ 34 (referencing pending state charges)). The Court's silence on the issue at sentencing and in the written judgment indicates that the sentences were to run consecutively, and no abuse of discretion occurred.

Given that the Court did not order concurrent sentences, Luna's motion is best construed as one to amend the sentence or judgement. This Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c). United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997). These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1), (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed), and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements. See § 3582(c). Luna fails to assert grounds for modification that fall into any of the categories above. Therefore, the Court does not have authority to alter his sentence and his motion is DENIED. Finally, to the extent that Luna seeks to challenge to the BOP's computation of his sentence and release date, the proper vehicle for seeking such relief is a petition for

habeas corpus, pursuant to 28 U.S.C. § 2241. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). See also Leal v. Tombone, 341 F.3d 427, 429 (5th Cir. 2003) (analyzing claim for credit to sentence under § 2241). Thus, if Luna seeks to challenge the BOP's computation of his sentence, he should file a § 2241 motion in the proper court after exhausting his administrative remedies through the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992).

### III.  CONCLUSION

For all of the foregoing reasons, Luna's "Request for Nunc Pro Tunc Amended Judgment" (D.E. 43) is DENIED.

It is ORDERED this 24th day of July 2006.

_____
HAYDEN HEAD
CHIEF JUDGE